UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 09-16-S-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| STANLEY BOWLING, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Stanley Bowling's motion to exclude as evidence the audio recordings and transcripts pertaining to him. [Record No. 592] After being afforded formal immunity pursuant to 18 U.S.C. § 6002, Bowling provided grand jury testimony regarding an illegal kick-back scheme with Manchester City Manager Keenon White. Subsequently, White entered a guilty plea on April 27, 2007, to an information containing charges which did not allege involvement by Bowling. However, Bowling asserts that his immunized testimony was utilized by the United States to build a case against White. Then, according to Bowling, the government was able to approach White and his wife and enlist their assistance as confidential informants in the investigation. These confidential informants recorded conversations with several defendants and others in this case. While there are no recordings of Stanley Bowling, he is mentioned sporadically on the audio tapes.

Bowling objects to the use of the tapes against him, claiming that they are a byproduct of his immunized grand jury testimony. The government asserts that Defendant Bowling is

attempting to reopen his argument for dismissal pursuant to *Kastigar* citing Jencks material provided before trial. The United States stands on its prior position and requests that the renewed motion be denied on the same grounds as stated by this Court's previous order.

The Court has previously determined that the United States met its "heavy burden" under *Kastigar v. United States*, 406 U.S. 441 (1972), demonstrating that its evidence against Bowling is not tainted. The United States established by a preponderance of evidence that it had legitimate, independent sources for the evidence used against Bowling by providing copies of the relevant portions of grand jury testimony and through the testimony of Briggs and Caldwell. According to Briggs, the January 12, 2007, testimony of Bowling was not used or in any way referenced in obtaining the cooperation of White or his wife in the investigation leading to Bowling's indictment. Instead, the United States had sufficient information by January 12, 2007, to charge White with federal offenses. The information provided by Bowling was described by Briggs as "the icing on the cake" which could be used if White later changed his story. And because he did not, the information was not used against him.

However, Bowling claims that recent Jenks Act production by the United States shows that his immunized testimony was utilized on May 2, 2007, during Briggs testimony to the Lexington grand jury. Since White entered a guilty plea on April 27, 2007, the use of Bowling's immunized testimony could not have been used to build a case against White as Bowling asserts. Thus, Bowling's objection to the use of these tapes against him based on claims that they are a byproduct of immunized grand jury testimony is without merit. Bowling has not identified any

legitimate reason justifying excluding the audio recordings and transcripts pertaining to him. Accordingly, it is hereby

**ORDERED** that Defendant Bowling's motion to exclude as evidence the audio recordings and transcripts pertaining to him [Record No. 592] is **DENIED**.

This 19th day of January, 2010.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge