UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 09-16-S-DCR |
| ) | |
| V. ) | |
| ) | |
| FREDDY THOMPSON and ) | **MEMORANDUM OPINION** |
| STANLEY BOWLING, ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

*** *** *** ***

This matter is pending for consideration of Defendants Freddy Thompson and Stanley Bowling's renewed motions for a separate trial. [Record Nos. 676, 680] Both Defendants renew their motion in light of the Court's recent ruling [Record No. 671] which granted the Government's motion to admit background evidence and evidence of other wrongs of co-defendants dating back to the 1980's. The Defendants claim that the introduction of this evidence will render it impossible to have a fair trial.

Defendant Bowling argues that it is undisputed that he did not become involved in politics until the primary election of 2002. He asserts that the background evidence admitted regarding jury tampering and vote-buying involving other Defendants will be extremely prejudicial to him. Thompson makes a similar argument that the background and 404(b) evidence does not pertain to him. He further contends that there is a drastically different

degree of culpability among the Defendants, causing inevitable prejudicial spillover. Thus, both Defendants argue that a separate trial is appropriate.

Rule 14(a) of the Federal Rules of Criminal Procedure allows severance if joinder "appears to prejudice a defendant or the government." FED. R. CRIM. P. 14(a). "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). A defendant that moves to sever has the "heavy burden of showing specific and compelling prejudice." *United States v. Harris*, 9 F.3d 493, 500 (6th Cir. 1993). Further, the fact that proof may be greater against a co-defendant is not a valid reason to sever. *Id.*; *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992). Despite the strong preference for jointly-indicted defendants to be tried in a single trial, a district court does have the discretion to grant a motion to sever if joinder "appears to prejudice a defendant or the government." FED. R. CRIM. P. 14(a). However, the Supreme Court cautions that, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

Even assuming the background and 404(b) evidence is stronger against other Defendants, the fact that proof may be greater against a co-defendant is not a valid reason to sever. *Harris*, 9 F.3d at 500. The argument that the background and/or Rule 404(b) evidence does not pertain to certain Defendants is fair game for cross-examination or part of a defense, but it does not justify severance. In short, the Defendants have not overcome their

burden of showing specific and compelling prejudice. *Id*. Neither Defendant has identified any reason justifying separate trials.

Accordingly, it is hereby

**ORDERED** that Defendants' motions [Record Nos. 676, 680] are **DENIED**.

This 25th day of January, 2010.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge