UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 09-16-S-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| STANLEY BOWLING, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*

Defendant Stanley Bowling makes two arguments in his objections to his Presentence Investigation Report that were not raised by other defendants with respect to the base offense level calculations regarding Count One.[1] Both arguments are incorrect and his objections will be overruled for the reasons discussed below.

**I.   Rule of Lenity**

Bowling first argues that the Court may base his sentence only on the voter-bribery racketeering act and not any of the other charged predicate acts.[2] [Record No. 1153, p. 3] In support, he points to the Court's earlier rulings regarding the honest-services, extortion, and obstruction predicates, as well as the Sixth Circuit's decision in *United States v. Johnson*,

---

1    Bowling's arguments address both Count One and Count Two.

2    Application of § 2C1.1 would be based on the relevant conduct cited by the government (*i.e.*, bribery of a public servant).

430 F.3d 383 (6th Cir. 2005). Bowling maintains that *Johnson* requires the Court to apply the rule of lenity — and, consequently, U.S.S.G. § 2H2.1 — to his Count One conviction.

In *Johnson*, one defendant (Stone) was convicted of RICO conspiracy and substantive RICO violations. *Id.* at 386. The alleged RICO predicate acts were murder, arson, and mail fraud. *Id.* at 388. As in Bowling's case, the jury rendered a general verdict that did not specify what predicate acts were attributable to the defendant. *Id.* at 399. At sentencing, the court found by a preponderance of the evidence that the defendant had committed each of the alleged predicate acts and, as a result, he was sentenced based on the guideline for the most serious of those acts (murder). *Id.*

On appeal, the Sixth Circuit held that "[b]y finding that he had committed all four predicate acts by a preponderance of the evidence and sentencing him accordingly, the district court deprived Stone of his Sixth Amendment right to trial by jury." *Id.* at 400. Therefore, the court held, the rule of lenity required that Stone be re-sentenced using the base offense level applicable to the least serious predicate acts. *Id.* The court explained:

> [i]n order to support a RICO conviction, the jury must have determined that Stone committed *at least two* acts of racketeering activity. 18 U.S.C. § 1961(5). We have no basis to conclude for sentencing purposes that Stone committed more than two such acts, nor is there any means to determine which of the four acts were found by the jury to involve Stone. In situations like this, the principles that underlie the rule of lenity counsel that ambiguities should be resolved in favor of the defendant.

*Id.* According to Bowling, this reasoning is equally applicable here.

However, it is clear from the above-quoted passage that the *Johnson* court was referring to Stone's *substantive* RICO conviction, which required a finding, beyond a

reasonable doubt, that Stone committed two or more predicate acts.[3]  *See* 18 U.S.C. § 1962(c); *see also* 18 U.S.C. § 1961(5) (defining "pattern of racketeering activity" as "requir[ing] at least two acts of racketeering activity"); *United States v. Lawson*, 535 F.3d 434, 443 (6th Cir. 2006) (listing elements of substantive RICO charge, including "the defendant's participation in the conduct of the enterprise's affairs . . . through a pattern of racketeering activity").  On a RICO *conspiracy* charge, by contrast, the government need only prove beyond a reasonable doubt that the defendant agreed to the commission of two or more predicate acts.  *United States v. Corrado*, 304 F.3d 593, 608 (6th Cir. 2002) (*Corrado V*); *see also Salinas v. United States*, 522 U.S. 52, 66 (1997).  For purposes of 18 U.S.C. § 1962(d), the object of the conspiracy is not the underlying racketeering activity, but rather the violation of the RICO statute.  *United States v. Corrado*, 227 F.3d 528, 541-42 (6th Cir. 2000) (*Corrado I*).  In other words, racketeering acts are "simply conduct that is relevant to the central objective — participating in a criminal enterprise." *Id.* at 542.  Such conduct "is determined at sentencing by a preponderance of the evidence." *Id.* (citing *United States v. Carozza*, 4 F.3d 70, 80 (1st Cir. 1993); *United States v. Ruggiero*, 100 F.3d 284, 291 (2d Cir. 1996)).

---

3       This reading is confirmed by a later opinion in the same case, *United States v. Stone*, 244 F. App'x 720, 721-22 (6th Cir. 2007), which Bowling cites. [*See* Record No. 1126, p. 5]  In *Stone*, the Sixth Circuit identified Count One as the substantive RICO charge and Count Two as the RICO conspiracy charge.  *See* 244 F. App'x at 721.  The court then explained: "[b]ecause the jury . . . returned only a general verdict of guilty as to both charges, it is not clear whether the jury found Stone's involvement in each of the four predicate acts charged in Count One beyond a reasonable doubt.  The district court agreed with Stone that the Rule of Lenity mandated resolving this ambiguity in Stone's favor." *Id.* at 721-22.

The two cases cited by the *Corrado I* court in support of its conclusion – *Carozza* and *Ruggiero* – are also instructive. The First Circuit held in *Carozza* that it was error to consider only charged predicate acts when calculating the base offense level for a defendant's RICO conspiracy conviction. *See* 4 F.3d at 74. In *Ruggiero*, the Second Circuit found that the district court had properly counted three uncharged racketeering acts as "underlying racketeering activity" for purposes of determining their sentences for RICO conspiracy. *See* 100 F.3d at 292. Both courts noted that U.S.S.G. § 1B1.3 directs sentencing courts to consider relevant conduct in determining "the base offense level where the guideline specifies more than one base offense level" — as is the case with the RICO guideline. *See* U.S.S.G. § 2E1.1; *Carozza*, 4 F.3d at 74-75; *Ruggiero*, 100 F.3d at 292. The Second Circuit explained, "U.S.S.G. § 2E1.1[] specifies more than one offense level: it sets the base offense level as the greater of 19 or the offense level applicable to the underlying racketeering activity." *Ruggiero*, 100 F.3d at 292. The Sixth Circuit has also noted the relationship between §§ 2E1.1 and 1B1.3. *See United States v. Tocco*, 306 F.3d 279, 286 (6th Cir. 2002) ("Racketeering activity constitutes 'underlying racketeering activity' under U.S.S.G. § 2E1.1 for the purpose of calculating a defendant's base offense level for a RICO conviction if it constitutes relevant conduct as defined in U.S.S.G. § 1B1.3.").

In summary, there is ample support for taking relevant conduct — including uncharged acts — into account when calculating a defendant's base offense level for RICO conspiracy. Bowling's rule-of-lenity argument under the *Johnson* line of cases is unavailing because *Johnson* involved application of the rule of lenity to a substantive RICO conviction.

Moreover, the two other cases cited by Bowling in support of his argument, *United States v. Randolph*, 230 F.3d 243 (6th Cir. 2000), and *United States v. Dale*, 178 F.3d 429 (6th Cir. 1999), involved multi-object conspiracies as opposed to RICO conspiracies. Thus, their reasoning is inapplicable to the present case. *See Corrado I*, 227 F.3d at 541-42 (noting the "critical distinction" between multi-object conspiracies and RICO conspiracies under the sentencing guidelines).

## II.     Relevant Conduct

Bowling's second additional argument is more misguided than his first. He contends that "[*a*]*fter* the Court determines the applicable guideline section," which he believes is § 2H2.1, "then the Court may decide whether it should consider other 'relevant conduct' in how it applies that section." [Record No. 1126, p. 6] According to Bowling, "[t]he Guidelines make clear that the Court *may not* consider 'relevant conduct' in every instance, but only when 'the offenses are of a character for which § 3D1.2(d) would require grouping of multiple counts." *Id.* (quoting U.S.S.G. § 1B1.3(a)(2)). Bowling argues that, because § 2H2.1 is expressly excluded from the grouping rules under § 3D1.2(d), the Court may not consider relevant conduct when calculating his sentence.

This argument is based on a clear misreading of the relevant conduct guideline. Rather than limiting the consideration of relevant conduct to cases involving offenses that must be grouped, as Bowling maintains, § 1B1.3(a)(2) expands the relevant conduct inquiry in those cases to include "acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2); *see United*

*States v. Gill*, 348 F.3d 147, 152 (6th Cir. 2003) (citing relevant conduct definitions set forth in §§ 1B1.3(a)(1)(A) and (B) and noting that "[*i*]*n addition*, 'with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts,' relevant conduct includes 'all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conduction.'" (omission in original) (emphasis added) (quoting § 1B1.3(a)(2))); *see also United States v. Settle*, 414 F.3d 629, 632 n.2 (noting, after citation of other § 1B1.3 subsections, that "[*i*]*n certain cases*, the relevant conduct includes acts and omissions that the defendant caused 'that were part of the same course of conduct or common scheme or plan as the offense of conviction.'" (emphasis added) (quoting § 1B1.3(a)(2)). Bowling's interpretation of § 1B1.3 is inconsistent with the plain language of the guideline. As explained above, it is entirely proper for a court to engage in a relevant conduct determination under § 1B1.3 when calculating a defendant's base offense level for a RICO violation. *See Tocco*, 306 F.3d at 286; *Ruggiero*, 100 F.3d at 292; *Carozza*, 4 F.3d at 74-75.

Nor does the sole case Bowling cites on this issue, *United States v. Tai*, 994 F.2d 1204 (7th Cir. 1993), support his reading of § 1B1.3.[4] The Seventh Circuit explained in *Tai* that § 1B1.3(a):

> first requires consideration of "all acts and omissions . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that

---

4   *Tai* was not a RICO case. The court analyzed § 1B1.3 in the context of a role enhancement under § 3B1.1(a). *See* 994 F.2d at 1212.

offense." "Preparation" for the offense of conviction must be distinguished from actions that are merely similar to or factually related to the offense of conviction, for such actions are covered by another subsection which applies only to a certain category of offenses. Specifically, § 1B1.3(a)(2) makes relevant "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction," but only with respect to offenses to which § 3D1.2(d) is applicable.

*Id.* at 1213 (omissions in original) (citations omitted). The *Tai* court found that, because the defendant's offense was not subject to grouping under § 3D1.2(d), the offense was not covered by § 1B1.3(a)(2) and, "[a]s a result, any course of conduct or common scheme or plan . . . cannot be considered in arriving at an offense-level increase." *Id.* Thus, *Tai* merely illustrates that a certain subsection of the relevant conduct guideline is applicable only to groupable offenses. It lends no support to — and, in fact, undermines — Bowling's position.

Accordingly, it is hereby

**ORDERED** that Defendant Stanley Bowling's objections [Record No. 1153] based on the rule of lenity and relevant conduct are **OVERRULED**.

This 7th day of March, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge